IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-298-BO

| | |
|---|---|
| KAROLINA SORENSSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COUNTY OF CARTERET, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motions of the *pro se* Plaintiff for appointment of *pro bono* counsel and to schedule a Rule 26(f) meeting [DE-35] and for an extension of time to submit a discovery plan [DE-36]. Plaintiff asserts that she and Defendant's counsel were unable to agree on scheduling the Rule 26(f) meeting and that due to health issues Plaintiff requires additional time to prepare a discovery plan. For the reasons that follow, Plaintiff's motion for appointment of *pro bono* counsel and to schedule a Rule 26(f) meeting [DE-35] is denied and Plaintiff's motion for an extension of time to submit a discovery plan [DE-36] is allowed.

Plaintiff's case was submitted to the court's *pro bono* panel for consideration, but no attorney expressed interest in the case. There has been no change in the posture of the case to engender a different result were the case resubmitted to the panel at this time. Furthermore, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it."

*Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent ... that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Neither the complexity of the case nor Plaintiff's abilities establish the exceptional circumstances necessary to justify appointment of counsel in this case. Accordingly, Plaintiff's request for appointment of *pro bono* counsel is denied.

The parties were ordered to conduct a Rule 26(f) meeting by October 18, 2017 and were advised that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference and for attempting in good faith to agree on the proposed discovery plan." [DE-32]. The court expects Plaintiff and Defendant's counsel to work in good faith to accomplish the directives set forth in the court's orders and to comply with the Federal and Local Rules that govern this matter, and the court declines to unilaterally impose a date for the Rule 26(f) conference. That said, Plaintiff has shown good cause shown for an extension of time to comply with the order for discovery plan and the request is allowed. Plaintiff and Defendant's counsel shall conduct the Rule 26(f) meeting at a mutually agreeable date and time no later than **December 5, 2017**, and the joint proposed discovery plan, or the parties' respective positions, must be submitted to the court within **14 days** after the Rule 26(f) meeting.

SO ORDERED, the __15__ day of November 2017.

Robert B. Jones, Jr.
United States Magistrate Judge