IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-298-BO

| | | |
|---|---|---|
| KAROLINA SORENSSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COUNTY OF CARTERET/RAPE CRISIS | ) | |
| CENTER, et al., | ) | |
| Defendants. | ) | |

This cause comes before the Court on a letter filed by plaintiff construed by the clerk as a motion for entry of default judgment. *See* Fed. R. Civ. P. 55(b). In the letter, plaintiff, proceeding in this matter *pro se*, contends that the law firm hired by defendant is part of the leadership that controls Legal Aid of North Carolina and that this puts plaintiff in a disadvantageous position because the details of her case were presented to the law firm which then decided to represent the defendants. Plaintiff notes that she is being represented by Legal Aid of North Carolina in a foreclosure proceeding. Plaintiff argues that these shady actions, which include harassment and unethical issues, have hindered plaintiff's chances to better her health and become a productive member of society again.

Plaintiff's letter further outlines her contact with the police on June 26, 2017, about an alleged assault by one of the defendants involved in this case. Plaintiff argues that she is still being treated in an abusive, inhumane, discriminatory, and biased manner. Plaintiff takes issue with defendant's representation by a particular attorney, and alleges that the attorney has a conflict of interest.

## DISCUSSION

Although entry of default judgment as a sanction may be appropriate under certain circumstances, *see, e.g., Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (default judgment entered as sanction under Rule 37 for violating court's discovery orders), plaintiff has failed to make the requisite showing that a sanction of default judgment is warranted here. *See Nucor Corp. v. Bell*, 251 F.R.D. 191, 201 (D.S.C. 2008) ("Default judgment is a harsh sanction and district courts should be reluctant to impose that penalty."). That the law firm representing the defendants might participate in some fashion with North Carolina Legal Aid is not evidence of collusion or bad faith, and the remainder of plaintiff' request is based on bare assertions without factual support. Nor is default judgment under Fed. R. Civ. P. 55(b) appropriate as default has not been entered against the defendants.

## CONCLUSION

Accordingly, plaintiff's motion in letter form requesting entry of default judgment [DE 39] is DENIED.

SO ORDERED, this _19_ day of March, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2