IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-298-BO

KAROLINA SORENSSON,  )
    Plaintiff,  )
                  )
v.  )        ORDER
                  )
COUNTY OF CARTERET, RAPE CRISIS  )
CENTER, CHRIS TURNER, LINDA  )
MURRELL, NANCY TOMKO, GWEN  )
ROBERTS, and AMANDA TESCH,  )
    Defendants.  )

This cause comes before the Court on cross-motions for summary judgment, as well as plaintiff's motion for default judgment, motion seeking restraining order/protective order, motion to request modification or exemption from requirements, motion for extension of time, and motion to file opposition. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, defendants' motion for summary judgment is granted, plaintiff's motion for extension of time is granted, and plaintiff's remaining motions are either denied or denied as moot.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendants pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination, alleging that defendants terminated plaintiff's employment; failed to promote plaintiff; discriminated, harassed, and defamed plaintiff; and retaliated against plaintiff by causing her to be fired from her new job. [DE 5] Cmpl. ¶¶ 4, 8. Plaintiff alleges that she was discriminated against by defendants on the basis of her race and national origin, and that other employees of defendants

who are not of Hispanic origin do not get paid less than what was agreed to in their contract. *Id.*

¶ 8. Plaintiff further alleges that she was discriminated against when her designated beneficiaries were not added to her insurance documents because the beneficiaries live in plaintiff's country of origin. *Id.*

The following factual background is based upon defendants' statement of undisputed material facts. [DE 49-1]. As plaintiff has failed to come forward to contest any of the facts presented as undisputed specifically, the Court adopts the following in order to adjudicate the pending summary judgment motions.

Plaintiff is a female native of Nicaragua and a United States citizen. Plaintiff was hired on January 12, 2015, by defendant Carteret County as a bilingual victim advocate/interpreter at the Carteret County Rape Crisis Center. At the time of her hire and through the date she was discharged, plaintiff was a probationary employee who was subject to termination for any reason that was not unlawful. Plaintiff was hired by defendant Gwen Roberts, who, along with her supervisor defendant Chris Turner, made the decision to terminate plaintiff's employment no later than March 9, 2015. Defendants were unable to schedule plaintiff's actual discharge until March 24, 2015, when plaintiff was, in fact, discharged.

Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about December 28, 2015. [DE 49-2 at 22]. On or about October 6, 2016, plaintiff received a notice of suit rights from the EEOC [DE 5], and plaintiff initiated the instant action by filing a motion to proceed *in forma pauperis* on December 28, 2016. [DE 1]. Plaintiff was mailed a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on June 29, 2018, after defendants filed a motion for summary judgment. [DE 51]. After

2

additional briefing by defendant, the Court is satisfied that it has jurisdiction to consider this action as plaintiff was not an employee subject to 42 U.S.C. § 2000e-5(c). [DE 58].[1]

## DISCUSSION

A.     Plaintiff's motion for default judgment. [DE 46].

Plaintiff again seeks entry of default judgment against defendants, citing counsel for defendants' affiliation with Legal Aid of North Carolina. For the reasons discussed in the Court's prior order denying plaintiff's request for entry of default judgment based the same perceived conflict of interest, [DE 44], plaintiff's instant motion for default judgment is denied.

B.     Plaintiff's motion seeking restraining order and protective order. [DE 47].

Plaintiff seeks an injunction, protective order, and restraining order against attorney Mary Craven Adams and her law firm. The bases offered for this motion are nothing more than speculation and bare assertions, which include that Ms. Adams' law firm, an international law firm, may have ties to enemies of the United States and that Ms. Adams intimidated plaintiff by stating that plaintiff calls the police too much. Plaintiff further states that she appeared at a deposition against her will. The Court has fully reviewed the motion and finds no grounds to enter a restraining order, protective order, or injunction against counsel for defendant in this case. The motion is denied.

C.     Cross-motions for summary judgment.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

---

[1] Plaintiff filed a motion to extend the time to respond to the Court's order requesting briefing [DE 60], to which defendant does not object. [DE 62]. As plaintiff filed her response to the Court's order one-day beyond the filing deadline, her motion to request extension [DE 60] is GRANTED and her response at [DE 61] is deemed timely filed. The Court will consider plaintiff's motion to file opposition to defendant's request for summary judgment [DE 59] as an additional response to defendant's motion and will deny the pending motion as moot.

3

P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). When deciding cross-motions for summary judgment, a court considers each motion separately and resolves all factual disputes and competing inferences in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

(i) Plaintiff's motion to request modification or exemption from requirements. [DE 53].

Plaintiff seeks a modification or exemption from the requirement imposed by Fed. R. Civ. P. 56(c) that an opposition to a motion for summary judgment be supported by affidavits, declarations, or other evidence. Plaintiff states that this process if affecting her health in a negative manner and that, although she would be able to appear in a trial, she is unable to respond in writing to defendant's motion for summary judgment.

Fed. R. Civ. P. 56(e) provides that where a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may provide an opportunity to address the fact, consider the fact undisputed for purposes of the motion, grant summary judgment if the movant is entitled to it, or issue any other appropriate order. Fed. R. Civ. P. 56(e)(1)-(4).

Additionally, even where a motion for summary judgment has not been responded to, a court must still consider whether the movant is entitled to judgment as a matter of law. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

Plaintiff does not request additional time to provide support for her opposition to entry of summary judgment in favor of defendants, only that she be relieved of the requirement to do so. Plaintiff has had ample opportunity to either provide support for her opposition to defendants' motion for summary judgment, which was filed in June 2018, or seek an extension of time within which to do so.[2] Although plaintiff proceeds here *pro se*, she is not relieved from the requirements imposed by the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). As stated above, the Court will consider the facts as presented by defendants as undisputed and adjudicate the motions for summary judgment accordingly. Plaintiff's motion for modifications or exemptions from requirements is denied.

(ii) Defendants' motion for summary judgment. [DE 49].

Defendants first argue that any claims raised by plaintiff in her complaint that were not included in her EEOC charge are barred and should be dismissed. In her complaint, plaintiff has alleged claims for wrongful termination, failure to promote, and retaliation. A plaintiff may proceed to file an employment discrimination action in federal court only after a charge has been filed with the EEOC. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Application & Svc. Co.*, 80 F.3d 954,

---

[2] On December 13, 2018, plaintiff filed a motion styled "Motion to File Opposition to Defendant's Request for Summary Judgement." [DE 59]. This motion does not contain a request to present additional evidence for the Court's consideration, but rather reiterates plaintiff's argument that defendants' counsel and her law firm continue to harass and retaliate against plaintiff.

5

963 (4th Cir. 1996). Claims which have not been exhausted fall outside of the scope of the EEOC charge and are procedurally barred. *Chacko*, 429 F.3d at 509.

Plaintiff's EEOC charge included claims for retaliation and discrimination based on race, color, sex, national origin. Plaintiff makes no mention in her charge of a failure to be promoted. As to plaintiff's claim for retaliation, plaintiff's EEOC charge recites that she was retaliated against for complaining to the human resources department about being discriminated against because of her color. In her complaint, plaintiff alleges that she was retaliated against when a former co-worker came to her new place of employment and harassed her after plaintiff was terminated.

Even construing plaintiff's EEOC charge liberally, *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013), plaintiff's claims for failure to promote and retaliation based on post-termination conduct are not contained in her EEOC charge, nor would they have arisen from any natural investigation of her claims. These claims are unexhausted and therefore procedurally barred.

Remaining for consideration are plaintiff's claims for wrongful termination and retaliation based on her complaint to human resources. Under Title VII, there are two avenues through which a plaintiff may avoid summary judgment. Plaintiff does not appear to be proceeding under a mixed-motive framework, which would require direct or circumstantial evidence that discrimination motivated defendants' adverse employment decision. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc) (*abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)). Accordingly, the Court determines that plaintiff would proceed under a pretext framework, which requires her first to establish a *prima facie* case of discrimination, and then to demonstrate that defendants'

"proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973)).

To establish a *prima facie* case of employment discrimination, plaintiff must show (1) that she is a member of a protected class; (2) who suffered an adverse employment action; (3) that at the time of the adverse action she was performing at a level that met her employer's legitimate expectations; and (4) that the position remained open or was filled by similarly qualified applicants outside plaintiff's protected class. *Hill*, 354 F.3d at 285. "The central focus of the inquiry in [Title VII cases] is always whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978) (quoting *Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1973)).

The evidence demonstrates that plaintiff was a member of a protected class and that she suffered adverse employment action when she was terminated. Even viewed in the light most favorably to plaintiff, the evidence in the record does not support a finding that plaintiff was meeting her employer's legitimate expectations or that her position was filled by someone outside of the protected class. Plaintiff's employment was terminated during her probationary employment period; Carteret County personnel policy dictated that all new employees serve a three month probationary period during which they would be subject to termination at will. [DE 49-2 at 3] Turner Aff. ¶ 5. Plaintiff's supervisors determined that her employment should be terminated because she was not meeting expectations. For example, plaintiff's supervisor Roberts found that plaintiff had engaged in confrontational and contentious interactions with a payroll employee over an unintentional error that was immediately rectified, and that plaintiff

7

had failed to establish a rapport with the Rape Crisis Center clients. [DE 49-2 at 13-14] Roberts Aff. ¶ 8. As plaintiff was not meeting her employer's legitimate expectations, her discrimination claim fails. Moreover, plaintiff has not proffered any evidence that her position was filled by someone outside her protected class, and defendants have proffered evidence that plaintiff's position was filled by her immediate predecessor, a woman of Latino/Hispanic origin. Roberts Aff. ¶ 4. Defendants are entitled to summary judgment in their favor on plaintiff's wrongful termination claim because plaintiff has failed to make a *prima facie* showing.

To establish a *prima facie* case of retaliation, plaintiff is required to demonstrate that she engaged in a protected activity, that she suffered adverse employment action, and that there is a causal connection between the protected activity and the employment action – specifically that retaliation was a but-for cause of the adverse employment action. *Guessous v. Fairview Prop. Investments, LLC*, 828 F.3d 208, 217 (4th Cir. 2016); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Temporal proximity between the protected activity and the adverse employment action is sufficient to establish a causal connection at the *prima facie* stage. *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 336 (4th Cir. 2018).

At her deposition, plaintiff stated that she called human resources on March 19 or 20, 2015, and spoke to Amanda Tesch to complain about harassment by a co-worker; plaintiff's employment was terminated on March 24, 2015. [DE 49-2 at 123-24] Sorensson Dep. at 97-98. Defendants have proffered that there is no record of any formal or informal internal complaint by plaintiff to the human resources department. Turner Aff. ¶ 4. As early as March 6, 2015, plaintiff's supervisor Roberts had written a memo to director of human resources Turner detailing her concerns with plaintiff's performance. [DE 49-2 at 10-11]. Both Roberts and Turner have stated that the decision terminate plaintiff's employment was made as early as

8

March 9, 2015, before plaintiff allegedly complained to human resources, and thus that the decision-makers had no knowledge of any grievance or complaint by plaintiff when they made the decision to terminate her employment. *See* Roberts Aff. ¶ 9; Turner Aff. ¶ 8.

Turner and Robert's sworn statements that the decision to terminate plaintiff was made by March 9, 2015, are unchallenged. Moreover, nothing in the record suggests that Roberts and Turner were aware of any internal complaint made by plaintiff about a co-worker when they made the decision to terminate plaintiff's employment. *See Baqir v. Principi*, 434 F.3d 733, 748 (4th Cir. 2006) (plaintiff *must* show that relevant officials were aware of protected activity when retaliation occurs). Moreover, plaintiff's history of performance concerns rebuts any conclusion that her informal complaint would be a but-for cause of her termination. *See Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151, 160 (4th Cir. 2018). Plaintiff's single unsupported statement that she made an informal internal complaint on either March 19 or March 20, 2015, is simply insufficient to satisfy her burden to make a *prima facie* showing that her termination was in retaliation for her engaging in protected activity. Defendants are entitled to summary judgment in their favor on plaintiff's retaliation claim.

Insofar as plaintiff has alleged any state law claim for defamation against defendants, the Court declines to exercise jurisdiction over such claim as the claims providing this Court with subject matter jurisdiction have been resolved. 28 U.S.C. § 1367(c); *Farlow v. Wachovia Bank of N. Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001). Any defamation claim by plaintiff is dismissed without prejudice.

(iii) Plaintiff's motion for summary judgment. [DE 55].

In her motion for summary judgment, plaintiff argues that defendants' counsel has engaged in cruel and unusual acts against plaintiff's disabilities and medical conditions, and

9

again reiterates her perceived conflict of interest due to Ms. Adams' involvement with Legal Aid of North Carolina. Plaintiff has provided the Court with no argument or evidence on which it could enter summary judgment in her favor, and the motion is denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for summary judgment [DE 49] is GRANTED. Plaintiff's motion for extension of time [DE 60] is GRANTED and motion to file opposition [DE 59] is DENIED AS MOOT. Plaintiff's motions for default judgment [DE 46], seeking restraining order [DE 47], to request modification or exemption [DE 53], and for summary judgment [DE 55] are DENIED. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this _21_ day of December, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE